UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT JAMTAAS,

            Plaintiff,

V.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

            Defendant.

CASE NO. C12-5157 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 21), and Plaintiff Robert Jamtaas's ("Jamtaas") objections to the R&R (Dkt. 22).

On January 14, 2013, Judge Strombom issued the R&R recommending that the Court uphold the Administrative Law Judge's ("ALJ") decision to deny benefits to Jamtaas. Dkt. 21. On January 28, 2013, Jamtaas filed objections. Dkt. 22. On February 11, 2013 the Government responded. Dkt. 23.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. As true as the defendant in this suit.

ORDER - 1

1    The district judge must determine de novo any part of the magistrate judge's
2    disposition that has been properly objected to. The district judge may accept, reject, or
3    modify the recommended disposition; receive further evidence; or return the matter to the
4    magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).
5    In this case, Jamtaas objects to (1) Judge Strombom's conclusion that the ALJ did
6    not err in finding that Jamtaas's posttraumatic stress disorder ("PTSD") was not severe
7    and not including the PTSD limitation in the residual functioning capacity assessment;
8    (2) Judge Strombom's review of the ALJ's acceptance and rejection of the medical
9    evidence; (3) Judge Strombom's review of the ALJ's determination that Jamtaas lacked
10   credibility; and (4) Judge Strombom's review of the remaining issues, which are the lay
11   witness testimony, the step four assessment, and the step five assessment.  Dkt. 22.  The
12   Court addresses each objection below.

**A.    PTSD**

14   Jamtaas contends that the "ALJ erroneously failed to find that Jamtaas's [PTSD]
15   was a severe impairment and then erred by failing to include in his residual functional
16   capacity assessment all of the limitations caused by this impairment." Dkt. 22 at 2.  With
17   regard to the former contention, the ALJ opinion provides as follows:

> In addition to the above impairments, there are references to posttraumatic stress disorder (PTSD). In January 2011, Terilee Wingate, Ph.D., diagnosed him with the impairment based on his report that he was sexually abused by his uncle, had chronic nightmares of the trauma, and was hyper vigilant and tense when around people (Exhibit 9F).
> I give little weight to Dr. Wingate's diagnosis of PTSD because it is not consistent with the longitudinal record. While the claimant had previously told examiners that his uncle had sexually molested him as a child, he did not endorse any specific residual symptoms from those events.

>For instance, in December 2008, Michael Brown, Ph.D., did not diagnose PTSD (Exhibit 1F/12-23). Likewise, in July 2009 and October 2009, neither Janis Lewis, Ph.D., nor Pamela Moslin, M.D., diagnosed PTSD (Exhibits 1F/24-32, 2F). In December 2009, a mental health counselor at Cascade Mental Health diagnosed only rule-out PTSD (Exhibit 5F/11). The claimant told the counselor that he had nightmares, but could not remember or describe them (Exhibit 5F/15). From January through June 2010, progress notes from Cascade Mental Health document no PTSD-related symptoms (Exhibit 8F). At the hearing in February 2011, the claimant complained of generalized anxiety, but did not report any problems with nightmares, hyper vigilance, or symptoms due to past trauma. Given the longitudinal evidence, I find that, even if PTSD were medically established, the impairment is non-severe because it does not cause more than mild limitations in activities of daily living, social functioning, or concentration, persistence, and pace.

Tr. 20–21. The Court finds that the ALJ gave specific and legitimate reason for rejecting Dr. Wingate's opinion. Moreover, there is substantial evidence in the record to show "even if PTSD were medically established, the impairment is non-severe . . . ." *Id*. Therefore, the Court adopts the R&R on this issue.

**B.   Medical Evidence**

Jamtaas states that the "ALJ's decision here is notable for his rejection of *every supportive medical opinion from every treating and examining medical source . . . .*" Dkt. 22 at 7 (emphasis in original). While that may be true, Jamtass's main arguments and objections in this case are based on a misstatement of the law and disagreements with the ALJ's findings of specific and legitimate reasons as well as Judge Strombom's findings of substantial evidence.

With regard to the law, Jamtaas insists that a higher standard of review for rejecting treating or examining physicians should be implemented. For example, Jamtaas argues that, "[b]ecause [Jamtaas's examining doctor] Dr. Brown's opinion is not

contradicted by the opinion of any treating or examining physician, the ALJ was required to state convincing reasons for rejecting his opinion." Dkt. 22 at 4. Judge Strombom provided an analysis of why this statement was legally incorrect (Dkt. 21 at 8 n. 2), which Jamtaas's counsel fails to recognize. On this issue, the Ninth Circuit provides that it has, "in some cases, upheld the Commissioner's decision to reject the opinion of a treating or examining physician, based in part on the testimony of a non-examining medical advisor." *Lester v. Chatter*, 81 F.3d 821, 831 (9th Cir. 1995). Therefore, Jamtaas's objection based on what standard applies is without merit.

With regard to Jamtaas's disagreements with specific reasons or substantial evidence, the Court disagrees with Jamtaas's assessment of the record. Having reviewed the ALJ's decision (Tr. 15–30), the lengthy R&R (Dkt. 22), and the portions of the record cited by Jamtaas in his objections (Dkt. 22 at 3–10), the Court finds that there is no error in Judge Strombom's discussion of the ALJ's evaluation of the medical evidence. Therefore, the Court adopts the R&R on these issues.

**C.     Credibility**

In this case, the ALJ found that Jamtaas lacked credibility. Although Judge Strombom found that one reason the ALJ gave for discounting Jamtaas's credibility was improper (Dkt. 21 at 24–25), Judge Strombom found no reversible err in the ALJ's opinion on this issue. Jamtaas "respectfully disagrees" with Judge Strombom's analysis (Dkt. 22 at 10) and, "for the reasons stated in Plaintiff's Opening and Reply Briefs," the Court "should hold that the ALJ erred [on this issue]," (*Id*. at 11). Judge Strombom thoroughly addressed and rejected Jamtaas's arguments. Jamtaas's objection is preserved

and the Court finds no reason to reject or modify the R&R on this issue. Therefore, the Court adopts the R&R on the issue of Jamtaas's credibility.

**D.      Remaining Issues**

Jamtaas also objects to the R&R on the issues of (1) the ALJ discounting lay witness testimony, (2) the ALJ's determination of Jamtaas's residual functional capacity, and (3) the ALJ's analysis at steps four and five of the benefit analysis. The objections are based on the alleged errors in the issues discussed above. Dkt. 22 at 11–12. The Court, however, found no error in the previous issues and finds no reason to reject or modify the R&R on these remaining issues. Therefore the Court adopts the R&R on these issues as well.

The Court having considered the R&R, Jamtaas's objections, and the remaining record, do hereby find and order as follows:

(1)     The R&R is **ADOPTED**;

(2)     The ALJ's decision to deny benefits is **AFFIMRED**; and

(3)     This action is **DISMISSED**.

Dated this 29th day of March, 2013.

BENJAMIN H. SETTLE
United States District Judge